IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WHIRLPOOL PROPERTIES, INC., WHIRLPOOL CORPORATION, and MAYTAG PROPERTIES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SELLERSBURG HEATING AND AIR CONDITIONING, INC.,<br><br>Defendant. | Case No. 1:20-cv-00179<br><br>Hon. Hala Y. Jarbou |

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

This matter comes before the Court on the joint motion of Plaintiffs Whirlpool Properties, Inc., Whirlpool Corporation and Maytag Properties, LLC (collectively, "Whirlpool") and Defendant, Sellersburg Heating and Air Conditioning, Inc. ("Sellersburg").

**WHEREAS**, Whirlpool and Defendant request this Consent Judgment and Permanent Injunction be entered in the above-captioned case ("the Litigation");

**WHEREAS**, Whirlpool Properties, Inc. is the owner of U.S. Trademark Registration Nos. 581,480, 626,550, 937,550, 1,670,524, 1,837,512, 2,548,168, 2,955,751, and 4,983,312 ("the Whirlpool Registrations"), and U.S. Trademark Registration Nos. 1,363,193, 1,585,507, 1,586,534, and 2,520,284 ("the KitchenAid Registrations") and common law rights in the registered marks;

**WHEREAS**, Maytag Properties, LLC is the owner of U.S. Trademark Registration Nos. 326,065, 868,637, 2,638,631, 4,431,758, 5,370,223, and 5,777,058 ("the Maytag Registrations"), U.S. Trademark Registration Nos. 868,410, 1,547,093, and 3,710,972 ("the Jenn-Air

Registrations"), and U.S. Trademark Registration Nos. 889,068, 3,059,004, 3,059,029, 3,697,563, and 4,851,545 ("the Amana Registrations") and common law rights in the registered marks;

**WHEREAS**, the foregoing federally registered marks are herein collectively referred to as the "Whirlpool Marks."

**WHEREAS**, Sellersburg is an online retailer of replacement parts for appliances and sells a variety of goods through multiple channels, including on its own websites and on marketplaces operated by third parties such as Amazon.com and eBay.com;

**WHEREAS**, Whirlpool has alleged that Sellersburg has used the Whirlpool Marks in connection with the sale of replacement parts for Whirlpool Appliances that are not made by, affiliated with, endorsed by, or sponsored by Whirlpool, in a manner that is deceptive and misleading to consumers;

**WHEREAS**, Whirlpool has alleged that Sellersburg has committed infringement of its federally registered marks, false designation of origin and unfair competition, false advertising, and trademark dilution under the Lanham Act, 15 U.S.C. § 1114 et seq., trademark infringement and unfair competition under common law, and unfair, unconscionable, and deceptive practices in violation of the Michigan Consumer Protection Act ("MCPA"), M.C.L. § 445.901 et seq.;

**WHEREAS**, Whirlpool has alleged it would be irreparably harmed if Sellersburg is not enjoined from the complained-of activities alleged to constitute trademark infringement, false designation of origin, false advertisement, and trademark dilution under the Lanham Act, common law trademark infringement and unfair competition, and unfair, unconscionable, and deceptive practices under the MCPA;

**WHEREAS**, Whirlpool has requested that this Court enter a permanent injunction enjoining Sellersburg from the complained-of activities alleged to constitute trademark

infringement, false designation of origin, false advertisement, and trademark dilution under the Lanham Act, common law trademark infringement and unfair competition, and unfair, unconscionable, and deceptive practices under the MCPA;

**WHEREAS**, Whirlpool and Sellersburg have reached an agreement to finally settle the Litigation as set forth in this Consent Judgment and Permanent Injunction and a separate Settlement Agreement which is contemporaneously and separately being executed; and

**WHEREAS**, Whirlpool and Sellersburg acknowledge this Court has subject matter jurisdiction and, further, Sellersburg consents to personal jurisdiction and venue in the Western District of Michigan in the Litigation and for purposes of entering and enforcing this Consent Judgment and Permanent Injunction and for enforcing the Settlement Agreement in the future.

**IT IS HEREBY ORDERED, DECREED and ADJUDGED as follows:**

1. This Court has jurisdiction over Whirlpool, Sellersburg and the subject matter of this Litigation.

2. Whirlpool has ownership and standing to sue for trademark infringement, false designation of origin, and trademark dilution relating to the Whirlpool Marks.

3. The Whirlpool Marks are valid and enforceable.

4. Sellersburg has violated the Lanham Act as alleged in Counts I and III-V of the Complaint in the Litigation.

5. Sellersburg, its officers, agents, servants, employees, associates, and other persons who are acting in concert or participation therewith are hereby permanently enjoined as of the date hereof from:

    a. using any of the Whirlpool Marks or part numbers of genuine Whirlpool replacement parts at the beginning of product titles or product descriptions to name,

3

identify, or otherwise describe such non-Whirlpool replacement parts on online product listings or commercial advertisements, including but not limited to such on www.northamericahvac.com, www.generalapplianceparts.com, www.usahvacsupply.com, Amazon, eBay, Sears, or any other online shopping or advertising platform;

b. using any of the Whirlpool Marks to identify the source of any non-Whirlpool replacement parts, or describing any of the Whirlpool Parties as affiliated with, or sponsoring or approving any non-Whirlpool replacement parts, including but not limited to designations such as "genuine" or "OEM," on online product listings or commercial advertisements, including but not limited to such on www.northamericahvac.com, www.generalapplianceparts.com, www.usahvacsupply.com, Amazon, eBay, Sears, or any other online shopping or advertising platform;

c. using any images of a Whirlpool replacement part as depicting the non-Whirlpool replacement part being advertised or offered for sale on online product listings or commercial advertisements, including but not limited to such on www.northamericahvac.com, www.generalapplianceparts.com, www.usahvacsupply.com, Amazon, eBay, Sears, or any other online shopping or advertising platform;

d. engaging in the practice of redirecting online consumers using product listings or commercial advertisements that purport to take the consumer to an offer for sale for genuine Whirlpool replacement parts but that instead take the consumer to page not offering genuine Whirlpool replacement parts for sale,

e.  submitting product descriptions, commercial advertisements, or web links to product listings for any non-Whirlpool replacement parts to any third-party which: (i) use any of the Whirlpool Marks or part numbers of genuine Whirlpool replacement parts at the beginning of such product descriptions, commercial advertisements, or web links to name, identify, or describe such non-Whirlpool replacement parts; (ii) designate non-Whirlpool replacement parts as "genuine" or "OEM," or (iii) which purport to take the consumer to an offer for sale for genuine Whirlpool replacement parts by naming, identifying, displaying or otherwise describing Whirlpool replacement parts but instead redirect online consumers to product listings offering non-Whirlpool replacement parts for sale; and

f.  engaging in any other act that is likely to cause the mistaken belief that goods sold, advertised, promoted, distributed, shipped or caused to be distributed or shipped by Sellersburg originate from or are in any way sponsored by, endorsed by, connected to, associated with, or affiliated with the Whirlpool Parties.

5.  Each party shall bear its own costs and attorneys' fees as they relate to any claims or defenses raised in the Litigation.

6.  This Court shall retain jurisdiction over Whirlpool and Sellersburg for the purpose of enforcing the terms of this Consent Judgment and Permanent Injunction and over any matters related to or arising from the interpretation or enforcement of the Settlement Agreement.

**This is a final order and closes the case.**

**SO ORDERED and SIGNED this  14th   day of January, 2021.**


       /s/ Hala Y. Jarbou  
       The Honorable Hala Y. Jarbou  
       United States District Judge


AGREED TO:

| | |
|---|---|
| */s/ Jeffrey D. Harty* | */s/ Timothy J. Jordan* |
| Jeffrey D. Harty (IA AT0003357) | Timothy J. Jordan (P46098) |
| (Admitted in the Western District of Michigan) | GARAN LUCOW MILLER, P.C. |
| Allison E. Kerndt (IA AT0002923) | 1155 Brewery Park Blvd., Suite 200 |
| Matthew A. McGuire (IA AT0011932) | Detroit, MI 48207 |
| NYEMASTER GOODE, P.C. | Telephone: (313) 446-5531 |
| 700 Walnut Street, Suite 1600 | Email: tjordan@garanlucow.com |
| Des Moines, IA 50309-3899 | |
| Telephone: (515) 283-3100 | **ATTORNEY FOR DEFENDANT,** |
| Facsimile: (515) 283-3108 | **SELLERSBURG HEATING AND AIR** |
| Email: jharty@nyemaster.com | **CONDITIONING, INC.** |
| Email: akerndt@nyemaster.com | |
| Email: mmcguire@nyemaster.com | |

David J. Gass (P34582)  
Amy E. Murphy (P82369)  
Miller Johnson  
45 Ottawa Ave. SW, Suite 1100  
Grand Rapids, MI 49503  
Telephone: (616) 831-1700  
Facsimile: (616)831-1701  
Email: gassd@millerjohnson.com  
Email: murphya@millerjohnson.com  

**ATTORNEYS FOR PLAINTIFFS, WHIRLPOOL PROPERTIES, INC., WHIRLPOOL CORPORATION, AND MAYTAG PROPERTIES, LLC**